UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| | | |
|---|---|---|
| KIMBERLY MORIN, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-468-DBH |
| | ) | |
| IDBI, INC., | ) | |
| d/b/a Aucocisco School, | ) | |
| | ) | |
|     Defendant | ) | |


REPORT OF HEARING AND ORDER
RE: STATUS

Held in Portland by telephone on April 19, 2011, at 11:00 a.m.

Presiding:        John H. Rich III, United States Magistrate Judge

Appearances:     For the Plaintiff:  Robert Kline, Esq.

                     For the Defendant:  Elizabeth Stouder, Esq.

The telephone conference was held at Attorney Kline's request to address disputes concerning several of the plaintiff's requests for production of documents. We dealt with those disputes as presented in Attorney Kline's April 18, 2011, email to the court and the "Discovery Dispute Recap" appended to that email.

Request for Production # 4: Attorney Kline indicated that he would be willing to look at the defendant's budgets on line. He agreed that he did not need to see backup information. The defendant will produce a general ledger or income statement for 2007 and 2008 reflecting wages

1

paid. Counsel will return to the court promptly if any dispute as to this request remains after that production.

Requests for Production ## 5 & 6: The defendant is ordered to produce a roster of employees for the requested period, showing compensation only for individuals on the payroll who performed administrative and/or bookkeeping tasks; the request for contact information for each of the listed employees will be resolved by counsel. The roster is to be produced subject to a confidentiality order.

Request for Production # 7: The defendant will produce payroll data together with wage information for employees who performed bookkeeping and/or administrative tasks from 1997 to the present.

Request for Production # 8: The defendant will contact the third-party 401(k) administrator and produce the payroll information supplied by the defendant for the past 15 years.

Request for Production # 9: The defendant is ordered to produce any and all W-2 errors committed by the plaintiff during her employment and all underlying W-2s which had to be corrected, together with the corrections, for 2008, 2009, and 2010.

Request for Production # 11: The parties have already reached agreement on this request.

Request for Production # 14: The defendant agreed to produce job descriptions, if any exist, available during the past 15 years, reflecting any and all administrative and bookkeeping tasks.

Request for Production # 16: The defendant is ordered to produce responsive timesheets for the school years 2006-07 through 2009-10, and, if readily available, any timesheets maintained by academic year for preceding years beginning in 1997. The defendant will provide timesheets for 2007 and 2008 for the plaintiff to the extent that they are not already included in her personnel file.

Request for Production # 17: This request is overbroad for the intended purpose as stated by Attorney Kline. The defendant will produce any records reflecting a reduction in hours upon an employee's return from leave in the middle of a school year.

Request for Production # 19: The defendant is ordered to produce any and all support for statement # 14 appearing on pages 5 and 6 of its narrative submitted to the Maine Human Rights Commission.

Request for Production # 20: The parties have resolved this issue pertaining to FMLA leaves.

Request for Production # 21: The defendant is ordered to produce a list of all education technicians working in the 2008-09 academic years and copies of their certifications for that year.

At this point the conference adjourned until 8:30 a.m. on Thursday, April 21, 2011. At the time, there remained six requests for production in dispute (RPD ## 22-25, 27, 28). Counsel were directed to produce a joint summary of decisions made during the first day of the conference and to attempt to reach agreement on the remaining issues.

On the afternoon of April 20, 2011, counsel informed the court that they had reached agreement on the remaining issues, and the April 21, 2011 telephone conference was canceled. On April 22, 2011, counsel's summary was received by the court. This report and order incorporates that summary, to the extent that it agrees with my recollection and notes. It does not include the parties' agreements as to the remaining items that are no longer in dispute.

***SO ORDERED***.

# CERTIFICATE

A.  This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B.  Any objections to the report shall be filed in accordance with Fed. R. Civ. P. 72.

Dated this 25th day of April, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge