UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **KIMBERLY MORIN,** | ) |
|         **PLAINTIFF** | ) |
| **v.** | )     No. 2:10-cv-468-DBH |
| **IDBI, INC.,** *(dba Aucocisco School),* | ) |
|         **DEFENDANT** | ) |

**DECISION AND ORDER ON DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT IN PART**

The defendant's motion for partial dismissal is **DENIED**.

Since the plaintiff has stated that she is not seeking recovery under 26 M.R.S.A. § 601, Pl.'s Opp'n to Mot. to Dismiss at 4 (Docket Item 22) (she says that she made reference to that provision only in passing,[1] to show repeated labor law scoffing in her count for recovery of overtime wages, id. at 3), there is no need to dismiss a claim that was never made. The defendant is protected from later unfair surprise by this explicit statement.

The Complaint's reference to a "state-certified special-purpose day school," Compl. ¶ 3 (Docket Item 1), is sufficient to meet the plausibility standards of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The federal statute refers to an enterprise that

---

[1] Compl. ¶ 83 states: "Further, Defendant never afforded Plaintiff the opportunity to take a 30 minute rest break in violation of 26 M.R.S.A. § 601."

"is engaged in the operation of . . . a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education."  29 U.S.C. § 203(s)(1)(B).  If the defendant's school somehow fails to meet the statutory definition, the defendant can present that argument by motion for summary judgment at an appropriate stage.

**SO ORDERED.**

**DATED THIS 27TH DAY OF SEPTEMBER, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**