UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **KIMBERLY MORIN,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )   No. 2:10-cv-468-DBH |
| | ) |
| **IDBI, INC., d/b/a Aucocisco School,** | ) |
| | ) |
| **Defendant** | ) |

REPORT OF FINAL PRETRIAL CONFERENCE AND ORDER

CAVEAT:   READ THIS REPORT AND ORDER <u>ON RECEIPT</u>. IT SPECIFIES THE COURT'S ORDERS AND REQUIREMENTS FOR FURTHER PRETRIAL DEVELOPMENT AND TRIAL OF THIS CASE. LACK OF KNOWLEDGE OF ITS CONTENTS CAN HAVE SERIOUS ADVERSE CONSEQUENCES TO A LITIGANT'S POSITION AT TRIAL.

A final pretrial conference of the court and counsel was held on Wednesday, November 9, 2011, at 12:30 p.m.

Presiding:   John H. Rich III, United States Magistrate Judge

Appearances:   For Plaintiff:  Robert Kline, Esq.

For Defendant:  Elizabeth Stouder, Esq.

The plaintiff, a former employee of the defendant school, brings this four-count complaint against her former employer for violation of the Americans with Disabilities Act, the Family Medical

1

Leave Act, for overtime wages not paid, and for failure to timely remit wages following her return from medical leave in May 2008 and the termination of her employment in November 2008.

The pleadings are complete. The matter is in order for jury trial.

**1.   Damages.**

A**.**   <u>Compensatory Damages – Elements</u>:  Lost wages of approximately $62,000, reinstatement or front pay, statutory damages, compensatory and punitive, as capped.

B.   <u>Other</u>:  Attorney fees and costs.

**2.   Discovery.**

A discovery cut-off date of July 18, 2011, has been previously established herein. Counsel advised the court at the conference that there are no outstanding discovery issues requiring action by the court.

**3.   Pending Motions.**

Motions in limine shall be filed by November 21, 2011, and oppositions thereto by November 30, 2011. No reply memoranda shall be permitted.

There were no motions formally pending at the time of the conference.

**4.   Estimated Trial Time**.  Counsel estimate that this case will require approximately four days of trial time.

**5.   Scheduling for Trial.**

This matter is presently scheduled for jury selection as the seventeenth case on the court's December 5, 2011, jury criminal and civil trial lists. Juries will be drawn on December 5, 2011, at 9:00 a.m. in the first six cases remaining on said lists. Juries in the remaining cases on the lists will be drawn on designated dates, of which counsel will receive 24 hours notice, in blocks of six cases at

a time, in the order in which the cases remain current for trial on the lists. At the conference, counsel for all parties consented to have a magistrate judge preside at jury selection.

    **6.** **Stipulations.** In the interest of shortening the required trial time, the court encouraged counsel to stipulate to all those facts as to which there is no actual contest. The court ***ORDERED*** that counsel reduce all stipulations to which agreement can be obtained to a <u>single</u> written document, signed by all counsel, indicating agreement to the stipulations in a form satisfactory to permit the document to be marked as an exhibit and offered in evidence at trial or read to the jury at trial. In the event there are separate stipulations to be presented for the trial judge's consideration on evidentiary matters, they should be put in a separate document. These document(s) will be filed with the court on or before November 30, 2011.

    **7.** **Deposition Transcripts, Audiotape or Videotape Evidence.** The court, in order to assure the expeditious and orderly progress of the trial without unwarranted consumption of time or unjustified delay, hereby ***ORDERS*** in respect to any deposition transcripts, audiotapes or videotapes to be offered in evidence at trial:

    A.    That each party shall provide to all other parties by November 16, 2011 a designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony;

    B.    That any deposition transcripts, audiotapes or videotapes to be shown at trial be thoroughly and completely edited to excise therefrom all extraneous, unnecessary, redundant and irrelevant matter;

    C.    That counsel meet and resolve all objections to admissibility of any portion of

such deposition transcripts, audiotapes or videotapes or, failing consensual resolution thereof, cause any dispute to be presented to the court for resolution <u>prior to the commencement of trial</u> in conformity with Subparagraph D hereinbelow;

D. That all trial counsel meet on or before November 23, 2011 and review all deposition transcripts, audiotapes and videotapes to be offered as evidence by any party at trial and agree upon editing of such deposition transcripts, audiotapes or videotapes to comply with Subparagraphs A and B hereinabove; and

E. That counsel shall present any outstanding issues as to editing of any such deposition transcripts, audiotapes and videotapes to the court on written motion, to be filed no later than November 28, 2011.

Counsel are hereby notified that failure to comply with the foregoing terms of this paragraph may result in the imposition of sanctions, including, but not limited to, the exclusion of evidence at trial, if such noncompliance is found by the court to have caused, or threatened to cause, undue delay of trial, unwarranted inconvenience to the court or prejudice to any party.

**8.     Settlement.**  The court and counsel discussed the present posture of this matter with respect to settlement by voluntary agreement. Counsel shall advise the court, on or before November 25, 2011, whether the case is settled or is firm for trial. If at any time a settlement conference is scheduled with the court and *in camera* papers are filed, such papers shall be mailed or delivered directly to the chambers of the settlement judge and not to the clerk's office.

Counsel are hereby placed on **NOTICE** that, if at any time the court is satisfied that any

counsel herein has failed to exhaust settlement negotiations as required by the court's order hereinabove and that such failure has caused needless trial proceedings, the court will assess as a sanction against such counsel and his/her client the jury costs associated with trial and such additional sanctions as the court shall find to be warranted.

   **9.**  **Trial management conference.** As discussed during the conference, counsel may request a trial management conference with the trial judge if they believe that such a conference would be beneficial. Any such request should be made through the clerk's office sufficiently in advance of the date set for commencement of trial.

**Trial Procedures to be Applicable at Jury Trial**

   The court directs that in preparation for jury trial and in order to facilitate the orderly and expeditious course of trial proceedings, trial counsel shall achieve the following items of trial preparation by the deadlines specified.

   **1.**  All counsel shall meet no later than November 23, 2011, and shall premark and exchange copies of all exhibits of a documentary nature, including all demonstrative exhibits to be utilized by either a witness or counsel at trial, and display to counsel exhibits of a physical nature, to be offered in the course of trial. One original set of all exhibits and designated deposition transcripts shall be deposited with the courtroom clerk at the time of trial. These items are not to be filed prior to trial.

   **2.**  Counsel shall jointly prepare a consolidated and comprehensive list of all exhibits to be offered at trial. As to each listed exhibit, the list shall concisely describe it, identify it by identification marking, note the sponsoring party, and indicate whether the sponsoring party expects to offer it in evidence or may offer it if the need arises and whether objection is anticipated, and, if

so, on what basis. The consolidated exhibit list (<u>without the exhibits</u>) shall be provided to the court with the trial briefs.

If deposition testimony is offered in lieu of live testimony (whether read into the record or by way of video deposition), counsel are placed on notice that the court reporter shall not record that testimony stenographically as part of the trial transcript unless one or both parties so request sufficiently in advance. The deposition transcript or video shall be marked as an exhibit and offered in evidence, but shall not accompany the jury when it retires to deliberate. The deposition shall remain part of the record until such time as all appeal deadlines have expired and the exhibits are returned to the parties.

**Counsel were provided with a form exhibit list that must be used at trial.**

**If counsel will need the electronic evidence presenter for trial, counsel should contact the clerk's office at least two weeks in advance of trial to reserve its use.**

    **3.**    Each party's lawyer shall prepare a comprehensive witness list indicating the name and address of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, indicating, as to each, whether the witness is an occurrence witness or an expert witness, and stating concisely the general subject matter of the witness's testimony and the estimated time required for the testimony of the witness on direct examination. The witness list shall be provided to the court with the trial briefs.

    **4.**    All counsel shall make arrangements to schedule the attendance of witnesses at trial so that the case can proceed with all due expedition and without any unnecessary delay.

    **5.**    The lawyers shall prepare in writing and submit to the court, no later than November 28, 2011, any special proposed *voir dire* inquiries they wish the judge to ask the jury panel.

Supplemental Confidential Juror Questionnaire: Each of the parties received a copy of the Confidential Juror Questionnaire now required of all prospective jurors. The parties were advised that the completed questionnaires will be available for inspection at the clerk's office prior to jury selection.

6. The lawyers shall prepare in advance of trial and submit to the court with the trial briefs all requested jury instructions capable of being anticipated in advance of the commencement of trial. Requested jury instructions shall be stated in separate paragraphs or on separate pages and be numbered individually. The lawyers should state, following the text of any requested instruction, any applicable statutory or caselaw authority for the requested instruction. Opposing counsel may submit a short and concise statement of any contrary authority not later than December 5, 2011. No more expansive form of written objections to proposed jury instructions shall be filed.

7. The lawyers shall confer in advance of trial and prepare an agreed-upon verdict form, if a verdict form is to be requested. In the event of disagreement, the lawyers shall jointly submit all proposed verdict forms. Such form or forms shall be provided to the court with the trial briefs.

8. Each party's lawyer shall prepare a concise trial brief setting forth the significant evidence to be adduced at trial, all significant factual and legal issues anticipated to be raised and the party's position on each issue so identified. No trial brief shall exceed fifteen (15) pages without the prior express consent of the court. All trial briefs will be submitted, together with all related documents, to the court by November 30, 2011.

**Counsel are advised that for unjustified failure to comply with the foregoing requirements, the court may refuse to admit exhibits or testimony of witnesses or impose other**

**appropriate sanctions where noncompliance is found by the court to have caused undue delay or prejudice.**

*JUROR NOTEBOOKS*:  Counsel are reminded that the court may permit the jurors to take notes and furnishes them with individual notebooks for that purpose.  Included within the notebooks are a glossary containing common legal terms, such as "sidebar," and a guide titled "Suggestions for Jury Deliberation."  Counsel are encouraged to review the glossary and submit any **JOINT** proposal for additional glossary terms that would be case specific and helpful to the jury.  If the parties agree to do so, such proposal must be submitted to the court by November 30, 2011.  Any objection to the use of the glossary or the guide at trial shall be filed by November 28, 2011.

### CERTIFICATE AND NOTICE

A. This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B. In accordance with Fed. R. Civ. P. 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 10th day of November, 2011.

/s/ John H. Rich III
John H. Rich III
U.S. Magistrate Judge